UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEISHA M. H.,<br><br>                    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 3:25-CV-5058-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**I.   BACKGROUND**

Plaintiff applied for SSI and DIB on April 25, 2022. Administrative Record (AR) 30. Her alleged date of disability onset is November 17, 2020. *Id.* Her requested hearing was held before

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

an Administrative Law Judge (ALJ) on February 1, 2024. AR 106–47. On February 23, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 27–51. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–7. Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision on January 27, 2025. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in (1) considering the medical opinion evidence, (2) assessing her subjective symptom testimony, (3) considering two lay witness statements, and (4) formulating the RFC. *See* Dkt. 12.

**A.   Medical Opinion Evidence**

Plaintiff argues the ALJ erred in assessing the medical opinions of Terilee Wingate, PhD; Gary Sacks, PhD; and state agency consultants John Gilbert, PhD, and Matthew C.,[1] PsyD. Dkt. 12 at 3–11. She also argues the ALJ erred in failing to articulate reasons for rejecting the observations of Plaintiff's case manager (AR 430–36) and addiction counselor (AR 439–45). *Id.* at 9–10. Finally, she contends two medical opinions (AR 8–14, 23–26) submitted to the Appeals

---

[1] Dr. C. is referred to only by his first name and last initial in the ALJ's decision and in his medical opinion. *See* AR 43, 175, 178, 188, 191.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

1  Council after the ALJ's decision render the ALJ's decision unsupported by substantial evidence.
2  *Id.* at 11–12.
3       For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give
4  any specific evidentiary weight, including controlling weight, to" particular medical opinions,
5  including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).
6  Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's
7  persuasiveness, considering each opinion's "supportability" and "consistency," and, under some
8  circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§
9  404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a
10 medical opinion with relevant evidence, while consistency concerns how a medical opinion is
11 consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§
12 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

     1. <u>Dr. Wingate</u>

14      Examining consultant Dr. Wingate completed opinions in April 2022 and January 2024.
15 AR 764–69, 1122–26. In both opinions, she opined Plaintiff had marked limitations in her
16 abilities to perform activities within a schedule, maintain attendance, and be punctual;
17 communicate and perform effectively; maintain appropriate behavior; and complete a normal
18 workday and workweek without psychological interruptions. AR 767, 1125. She opined these
19 limitations would persist after 60 days of sobriety. AR 767, 1125.
20      The ALJ found Dr. Wingate's opinion unpersuasive for two reasons. First, the ALJ found
21 the opinion unsupported by Dr. Wingate's examination, which revealed normal results in
22 Plaintiff's thought process, orientation, memory, fund of knowledge, and judgment. AR 41.

However, Dr. Wingate also provided detailed descriptions of her clinical interview of Plaintiff, along with clinical findings. *See* AR 764–66, 1122–24. She described Plaintiff's familial psychosocial history, including her history of childhood abuse; her history of flashbacks; past suicide attempts; symptoms of mania and anxiety, which inhibit judgment and sometimes manifest physically; and emotional lability and anger issues. *See* AR 764–66, 1122–24. She also noted anxiety and depression index scores that were in the severe range. AR 1124. And her examination noted abnormal mood and affect. AR 768, 1126.

The ALJ erred by failing to consider the remainder of Dr. Wingate's opinion in determining the extent to which it was supported. The Court cannot discern, and the ALJ did not explain, why the mental status results were more probative as to Plaintiff's behavioral functioning, ability to attend work, and likelihood of psychological interruptions, than were the remainder of the objective evidence and explanations Dr. Wingate provided. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ errs by cherry-picking favorable evidence while ignoring unfavorable evidence); *see also Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interview is "objective measure[]"). The ALJ's supportability finding was therefore deficient.

Second, the ALJ found Dr. Wingate's opinion inconsistent with Plaintiff's activities of daily living. AR 41. Elsewhere, the ALJ noted Plaintiff was able to care for her hygiene, prepare meals, perform chores, use a computer, and shop. AR 40. The ALJ did not discuss how these activities involve the sort of schedule expectations of a workplace environment, so they do not necessarily show Plaintiff can consistently attend work, be punctual, or complete a workweek without interruptions. Further, the record does not reflect how these activities require the sorts of

behavioral expectations of a workplace environment. Thus, the ALJ has not shown why they are inconsistent with Dr. Wingate's opinion.

The ALJ therefore failed to provide adequate reasons for rejecting Dr. Wingate's opinion. Because Dr. Wingate's opinion suggests Plaintiff would be more limited than the ALJ found she was, this error is not harmless and requires reversal. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

2. <u>State Agency Consultants</u>

Plaintiff contends the ALJ erred in finding persuasive the opinions of state agency consultants Drs. C. and Gilbert because the findings and opinions of other sources showed Plaintiff was more limited than the consultants opined. Dkt. 12 at 11. This, however, is insufficient to establish error. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[T]he report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record.") (quotation omitted, emphasis in original).

Plaintiff also argues the ALJ failed to account for some of the limitations opined by the consultants in the RFC. Dkt. 12 at 11. The Court agrees. The ALJ failed to account for two limitations opined by the consultants. First, both sources opined Plaintiff "will have occasional difficulties with adapting to change, but will be able to adapt to normal, routine changes in a competitive workplace within normal tolerances." AR 154, 178. Second, both sources opined Plaintiff "retains the capacity to carry out simple 1-3 step instructions." AR 153, 177. The RFC, however, did not include limitations related to Plaintiff's ability to adapt to changes (despite the consultants' opinion that Plaintiff could only adapt to normal and routine changes)[2] and did not limit Plaintiff to performing only tasks with instructions of three or fewer steps. *See* AR 35.

---

[2] Although the RFC limited Plaintiff to performing only routine tasks, a limitation related to the sorts of tasks Plaintiff might perform does not also limit the sorts of changes Plaintiff would encounter. *Cf. Stiffler v. O'Malley*,

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

"If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p. The ALJ did not explain that either opinion was not adopted; therefore, the ALJ erred in failing to adopt the limitations opined by the medical sources.

**B.     Remaining Issues**

Having found the ALJ erred in assessing the medical opinion evidence and that this error requires reversal, the Court declines to reach Plaintiff's remaining arguments. Rather, on remand, the ALJ shall reassess the evidence of record, including the medical opinion evidence, and, if appropriate, should reassess the RFC and his findings at steps four and five of the sequential evaluation process.

### IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 22nd day of July, 2025.

*[signature]*

David W. Christel
United States Magistrate Judge

---

102 F.4th 1102, 1109–10 (9th Cir. 2024) (limitation concerning frequency of changes in workplace environment "concerns broader revisions to the workplace environment" which "are distinct from 'situational variables' in the tasks being performed").